IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN LEWIS BELLOWS,    :
            :
   Petitioner     :
            :
  v.         :  CIVIL NO. 4:CV-15-696
            :
COMMONWEALTH OF   :  (Judge Brann)
PENNSYLVANIA, ET AL.,   :
            :
   Respondents   :

**MEMORANDUM**

April 16, 2015

**Background**

John Lewis Bellows, an inmate presently confined at the Benner State

Correctional Institution, Bellefonte, Pennsylvania (SCI-Benner), filed this pro se

habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondents are

the Commonwealth of Pennsylvania and Bradford County, Pennsylvania.[1] The

required filing fee has been paid. See Doc. 2. Incorporated within the Petition is

Bellows' request that this action be stayed because he is about to "max out his

sentence" and has a pending appeal in the Pennsylvania state courts. Doc. 1, ¶ 16.

---

[1] The only properly named Respondent in a federal habeas corpus action is
Petitioner's custodial official. See 28 U.S.C. § 2242. Accordingly, the SCI-Benner
Warden will be deemed the respondent in this matter.

Service of the Petition has not yet been ordered.

According to the Petition, Bellows was convicted of indecent assault on a person less than 13 years of age on October 27, 2010 following a jury trial in the Court of Common Pleas of Bradford County, Pennsylvania.  Petitioner states that he was sentenced on January 17, 2011 to a 15 month to 5 year term of imprisonment.

Bellows asserts that his trial counsel filed a post sentence motion which was denied by the Court of Common Pleas on April 1, 2011.  See Doc. 1, ¶ 10. Following a direct appeal to the Superior Court of Pennsylvania, Petitioner's conviction and sentence were affirmed.  See Commonwealth v. Bellows, 48 A.3d 485 (Pa. Super April 25, 2012)(Table).  A petition for allowance of appeal was thereafter denied by the Supreme Court of Pennsylvania. See Commonwealth v. Bellows, 62 A.3d 377 (Pa.  Dec. 27, 2012)(Table).

Petitioner states that he  states he next sought collateral relief via a pro se action filed pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) .[2]  The

---

[2]  See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Petition acknowledges that Bellows' PCRA action was denied by the Court of Common Pleas on July 21, 2014. See id. at ¶ 11. However, Petitioner indicates that an appeal of that decision is presently pending before the Superior Court of Pennsylvania. See id.

Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that direct appeal counsel was ineffective for not pursuing arguments based upon: (1) the disposition of a pre-trial motion made by trial counsel under the Tender Years Hearsay Act; (2) a violation of the Petitioner's right to confrontation; (3) alleged hearsay testimony given by school counselor Tricia Tietjen; (4) trial counsel's failure obtain the transcript of the victim's forensic interview and the victim's entire Children and Youth Services' file;[3] and (5) ineffective assistance of trial counsel.

Bellows states that all of the above arguments have not yet been exhausted in state court but were raised in his pro se PCRA action which is presently under consideration by the Superior Court. See Doc. 1, ¶ 12. As previously discussed, Petitioner's instant action includes a request that this matter "be stayed" presumably pending disposition of his pro se PRCA appeal. Id.

**Discussion**

---

[3] This argument includes a related claim of ineffective assistance by trial counsel.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.  The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition.  However, in both Rhines v. Weber, 544 U.S. 269 (2005) and

Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but

mixed (one containing both exhausted and unexhausted claims) federal habeas

corpus petition.  Both Rhines and Crews addressed arguments that federal habeas

petitions should be held in abeyance while unexhausted claims were exhausted in

state court because those claims might be time barred upon returning to federal

court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).  Rhines

recognized that under such  "limited circumstances" district courts have discretion

to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can

pursue review of his unexhausted claims in state court.  Rhines, 544 U.S. at 277.

The United States Court of Appeals for the Third Circuit in Crews similarly

recognized that in order to avoid an unfair result, "when an outright dismissal

could jeopardize the timeliness of a collateral attack, a stay is the only appropriate

course of action."  Crews, 360 F.3d at 154 (internal citations omitted).

       Rhines and Crews both contemplate that the initial federal petition must be

timely filed.  Based upon the record to date, it cannot be determined at this

juncture whether Bellows' pending federal petition is timely under the time frame

established by the Antiterrorism and Effective Death Penalty Act of 1996.

Petitioner has requested a stay and admits that this pending § 2254 action includes

claims which are still before the Superior Court of Pennsylvania.

As in <u>Crews</u>, Bellows should not face the prospect of forfeiting federal court review of issues.  In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments.   Recognizing that Bellows may not have any additional time in which to file a new federal habeas petition after disposition of his pending state court PCRA appeal if not granted a stay,  <u>Crews</u> counsels in favor of a stay of litigation in this case while Bellows completes state review of his pending unexhausted federal claims.  Accordingly, Petitioner's request for a stay will be granted.

However, in order to keep this matter moving forward, within thirty (30) days of disposition of Petitioner's PRCA appeal, he will be required to file a written status report with this Court  which includes a copy of the relevant state court disposition.  Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his relevant state court proceedings have concluded, the stay issued in this matter will be lifted, until such time, this matter will be marked closed for administrative purposes.  An appropriate Order will enter.[4]

---

[4] Petitioner is advised that the issuance of this Memorandum and Order does
(continued...)

BY THE COURT:


   s/   Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[4](...continued)
not preclude a future finding by this Court that his instant § 2254 action is time barred.